# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **BLIZZARD ENTERTAINMENT, INC. a Delaware Corporation**<br><br>   **Plaintiff,**<br><br>   **vs.**<br><br>**MICHAEL VANKUIPERS a/k/a "Perma" or "Permaphrost," an individual; MICHAEL SIMPSON a/k/a Matt Cooper, a/k/a "Cranix" and "Cranyx"; JOHN ROE a/k/a "linuxawesome" and DOES 1 through 10, inclusive,**<br><br>   **Defendants.** | **Case No.: SACV 10-01495-CJC(MLGx)**<br><br>**JUDGMENT** |

On July 11, 2011, the Court issued an order entering default judgment against Defendant Michael Simpson a/k/a Matt Cooper a/k/a "Cranix" and "Cranyx." In accordance with that order, judgment is hereby entered in favor of Plaintiff Blizzard Entertainment, Inc. ("Blizzard"). Mr. Simpson is ordered to pay Blizzard statutory damages in the amount of $150,000.00 plus postjudgment interest pursuant to 28 U.S.C.

§ 1961 at the rate of 0.16%, attorney's fees of $41,792.75,[1] and costs of $3,645.21. Furthermore, Mr. Simpson and his officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all those acting directly or indirectly in concert or participation with any of them, are permanently enjoined from: (1) infringing Blizzard's Starcraft II copyrights by engaging in activities including without limitation the development, sale, and/or distribution of software products designed to modify or hack Blizzard's online video game Starcraft II including without limitation the "CraniX MapHack," (2) inducing or contributing to third party infringements of Blizzard's Starcraft II copyrights, (3) intentionally interfering with Blizzard's contracts with Starcraft II players, and (4) violating the Starcraft II end user license agreement ("EULA") and Battle.net terms of use ("TOU").

DATED: July 20, 2011

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE

---

[1] Blizzard submitted evidence that it incurred $40,422.75 in attorneys' fees for work through the end of June 2011. Blizzard further anticipated that it would incur an additional $5,500 in fees for services rendered in July 2011. The Court finds it reasonable to award $1,370 in fees for work performed in July 2011. This award permits recovery for (1) Mr. Mayer and Ms. Rubin each spending one hour to prepare for and attend the July 11, 2011 hearing on Blizzard's motion for entry of default judgment and (2) Ms. Rubin spending two hours to prepare a supplemental declaration and redacted billing statements to support Blizzard's request for attorneys' fees and costs.