MARC E. MAYER (SBN 190969)
mem@msk.com
JILL P. RUBIN (SBN 240019)
jpr@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Plaintiff
Blizzard Entertainment, Inc.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLIZZARD ENTERTAINMENT, INC. a Delaware Corporation,<br><br>　　　　Blizzard,<br><br>　　　v.<br><br>MICHAEL VANKUIPERS a/k/a "Perma" or "Permaphrost," an individual; MICHAEL SIMPSON a/k/a Matt Cooper, a/k/a Cranix" and "Cranyx"; JOHN ROE a/k/a "linuxawesome" and DOES 1 through 10, inclusive.<br><br>　　　　Defendants. | CASE NO.  SACV 10-1495-CJC (MLGx)<br><br>The Honorable Cormac J. Carney<br><br>**[PROPOSED] CONSENT JUDGMENT** |

Plaintiff Blizzard Entertainment, Inc. ("Blizzard") and Defendant John Roe a/k/a "linuxawesome" ("Defendant") having entered into a Stipulation for Entry of Judgment and the Court having entered an Order thereon,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Blizzard alleges that Defendant engaged in copyright infringement, inducement to infringe copyrights, contributory copyright infringement, vicarious copyright infringement, breach of contract, and intentional interference with contractual relations.

2. Defendant and all persons acting under Defendant's direction or control (including but not limited to his agents, representatives and employees), shall, whether in the United States, Peru or any other country, immediately and permanently cease and desist from:

    A. infringing Blizzard's copyrighted works, including without limitation, the development, sale and/or distribution of software products designed to modify or hack StarCraft II or any other of Blizzard's copyrighted works (the "Contested Software") (the Contested Software shall include, without limitation, the "Open Source External Map Hack for SC2 1.1");

    B. inducing or contributing to third party infringements of Blizzard's copyrighted works;

    C. intentionally interfering with Blizzard's contracts with players; and

    D. violating the StarCraft II End User License Agreement and Battle.net Terms of Use.

3. Defendant shall take down the Contested Software and any colorable copy thereof, hosted at any domain, address, location, or ISP within his control.

4. Defendant shall deliver to Blizzard all copies of materials that infringe or violate any of Blizzard's rights described herein.

5. Defendant shall provide Blizzard with an accounting of any and all sales of products or services that infringe or violate any of Blizzard's rights described herein.

6. Defendant shall destroy all digital files representing any Contested Software that are currently in his possession, custody, or control.  Defendant shall provide Blizzard with a sworn statement within five days after the entry of the Consent Judgment certifying his compliance with this provision.

7. Absent the prior written consent of Blizzard or its designee, Defendant shall not publicly release, distribute, sell, transfer or give away, for consideration or otherwise, any software, source code, object code, technology, domain name(s), trademark(s), brand(s), goodwill or any other property of any kind, in whole or in part, which is in any way related to the Contested Software, including without limitation, by posting such materials on an internet web page or by offering such materials over any peer-to-peer or file-trading network or any other medium.

8. Any company or entity that Defendant owns or operates in the future shall also comply with the provisions of this Consent Judgment.

9. Defendant irrevocably and fully waives notice of entry of the Consent Judgment and notice and service of the entered Consent Judgment and understands, confirms, and agrees that violation of the Consent Judgment will expose Defendant to all penalties provided by law, including contempt of Court.

10. Defendant irrevocably and fully waives any and all rights to appeal the Consent Judgment, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

11. Nothing contained in the Consent Judgment shall limit the right of Blizzard to seek relief, including without limitation, damages, for any and all infringements by Defendant of the Blizzard's copyrighted works occurring after the date Defendant executes the Stipulation for Entry of Judgment.

12. This Consent Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

13. The Court finds there is no just reason for delay in entering this Consent Judgment and, pursuant to Federal Rule of Civil Procedure 54(a), the Court directs immediate entry of this Consent Judgment against Defendant.

14. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Judgment.

1

2  Dated: August 19, 2011

3                                                                  _____
                                                                   The Honorable  United States District
4  Submitted by:                                                   Judge Cormac J. Carney

5  DATED: August 18, 2011                    MITCHELL SILBERBERG & KNUPP LLP
                                              MARC E. MAYER
6                                             JILL P. RUBIN

7

8                                             By: /s/ Marc E. Mayer
                                                  _____
9                                                 Marc E. Mayer
                                                  Attorneys for Plaintiff
10                                                Blizzard Entertainment, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

3984363.1
                                              4